UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN MIMS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )   No. 4:21-CV-327 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is movant Melvin Mims's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1] Movant has filed a previous § 2255 motion that was denied on the merits, and he has not received authorization from the United States Court of Appeals for the Eighth Circuit to file a successive motion. Therefore, the Court will deny and dismiss the motion without further proceedings.

**Background**

On September 16, 2016, movant pled guilty to: two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On June 19, 2017, the Court sentenced movant to a total term of 98 months' imprisonment and two years of supervised release.[2] Movant failed to appeal his conviction or sentence.

---

[1] Movant did not file the motion on the proper form, as required by the Local Rules of this Court. However, it is clear he initiated this action to seek relief pursuant to 28 U.S.C. § 2255. Therefore, the Court interprets movant's filing as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

[2] This total term of imprisonment consists of thirty-eight (38) months' imprisonment on each of the felon in possession charges, such terms to be served concurrently, as well as a term of sixty (60) months' imprisonment on the felon in possession in furtherance of a drug trafficking crime, such term to be served consecutively.

Movant filed his first 28 U.S.C. § 2255 motion on October 26, 2020. *Mims v. United States*, No. 4:20-CV-1538 (E.D. Mo. 2020). In the motion, he sought relief under *Rehaif v. United States*, 139 S.Ct. 2191 (2019). The Court denied movant's motion without a hearing on February 5, 2021, and movant did not appeal.[3]

Movant filed the instant motion on March 15, 2021. For the second time, movant asserts that he is entitled to relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Movant also argues that this Court should apply a First Circuit case, *United States v. Guzman-Merced*, 984 F.3d 18 (1st Cir. 2020).

## Discussion

Because movant previously filed a § 2255 motion that was denied on the merits, the instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. However, it has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[3] Movant filed a second motion to vacate, set aside or correct sentence on December 14, 2020. *Mims v. United States*, No. 4:20-CV-1777 (E.D. Mo. 2020). Because movant's original motion to vacate was still pending, this action was consolidated with *Mims v. United States*, No. 4:20-CV-1538 (E.D. Mo. 2020).

The requirement that prisoners obtain authorization from the Circuit Court before filing a second or successive petition in the District Court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted). Accordingly, the instant motion will be denied and dismissed without prejudice to refiling if, and when, movant obtains permission from the United States Court of Appeals for the Eighth Circuit to do so.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate is **DENIED** and **DISMISSED**, without prejudice, because it is an unauthorized successive motion. *See* 28 U.S.C. § 2255(h). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

Dated this 18th day of March, 2021.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

3